Moira CASEY; William Bixby; Mark Clark; James Eldridge; John Harpole; Billy Rackley; Lynn Spackman; Tim Stumo; Peggy Travis; Kimberly Motola; Karen Ward; Todd Gibson; Wayne Hindman, Plaintiffs—Appellants,

v.

ATLANTIC RICHFIELD COMPANY CAPITAL ACCUMULATION PLAN II; Atlantic Richfield Company Capital Accumulation Plan II, Capital Accumulation Plan II; Atlantic Richfield Savings Plan II; Atlantic Richfield Retirement Plan II; Atlantic Richfield Health Care Account; Atlantic Richfield Comprehensive Medical Plan; Atlantic Richfield Basic Life Plan; Atlantic Richfield Dependant Care Assistance Plan; Atlantic Richfield Voluntary Group Accident Insurance Plan; Atlantic Richfield Dental Plan; Atlantic Richfield Special Termination Allowance Plan; Atlantic Richfield Saving & Capital

Accumulation Plan Administrative Committee; Atlantic Richfield Medical Program; Arco Alaska, Inc., Defendants—Appellees.

No. 00–55671.

D.C. No. CV–99–06437–LGB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 16, 2001.

Decided Nov. 2, 2001.

Before B. FLETCHER, D.W. NELSON, and McKEOWN, Circuit Judges.

MEMORANDUM *

Moira Casey and other workers (collectively "the Workers") appeal from the district court's order dismissing the Workers' second amended complaint for lack of standing. Because the district court dismissed the case pursuant to Federal Rule of Civil Procedure 12(b)(6), we construe factual allegations contained in the amended complaint in the light most favorable to the Workers. *Zimmerman v. City of Oakland,* 255 F.3d 734, 737 (9th Cir.2001). Where there are general factual allegations supporting standing, a district court may not dismiss a plaintiff's complaint. *See National Organization for Women, Inc. v. Scheidler,* 510 U.S. 249, 256, 114 S.Ct. 798, 127 L.Ed.2d 99 (1994).

As framed, the amended complaint raises factual issues related to standing, name-ly, whether the Workers are participants consistent with Section 502(a)(1) of ERISA, 29 U.S.C. § 1132. Therefore, we reverse the district court's dismissal. In view of this reversal, we decline to rule on the Workers' motion to strike various portions of the excerpts of record. We make no judgment as to the merits of the Workers' claims.

**REVERSED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

